Kami M. Hoskins  (SBN: 026271)
**GORDON REES SCULLY MANSUKHANI, LLP**
111 W. Monroe Street, Suite 1600
Phoenix, AZ 85003
Telephone:  (602) 794-2468
Facsimile:  (602) 265-4716
khoskins@grsm.com
*Attorneys for  Defendant Mesa Hospitality, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Gastelum,<br><br>           Plaintiff,<br><br>     vs.<br><br>Mesa Hospitality, LLC,<br><br>           Defendant. | Case No. 2:18-cv-00559-JZB<br><br>**ANSWER TO VERIFIED COMPLAINT** |

Defendant Mesa Hospitality, LLC ("Defendant"), by and through its undersigned counsel, hereby answers Plaintiff Fernando Gastelum ("Plaintiff") *Verified Complaint* [Doc. No. 1] (the "Complaint") as follows:

## **INTRODUCTION**

1.     Defendant denies each and every allegation contained in the Complaint and each and every claim for relief thereof, which Defendant does not expressly admit or otherwise plead.

2.     Responding to paragraph 1, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis to which no response is required.  Further responding to paragraph 1, Defendant admits Plaintiff has brought this action pursuant to the Complaint.  Defendant denies the remaining allegations in paragraph 1.

3.     Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 2, and therefore denies them. Defendant further denies the remaining allegations in paragraph 2, which contain legal conclusions and analysis to which no response is required.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 3, and therefore denies them. Defendant denies any and all factual allegations in paragraph 3 related to its alleged actions and/or omissions.

5. The allegations in paragraph 4 are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12101 and 28 C.F.R. § 36.101.  Defendant further affirmatively alleges paragraph 4 contains legal conclusions and analysis to which no response is required.  Defendant denies paragraph 4 to the extent it includes factual allegations against Defendant.

6. Defendant affirmatively alleges paragraph 5 contains legal conclusions and analysis to which no response is required.  Defendant denies the allegations in paragraph 5 to the extent such allegations relate to Defendant's alleged actions and/or omissions.

7. Defendant denies the allegations in paragraph 6.

**PARTIES**

8. The allegations in paragraph 7 are not susceptible to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis under 42 U.S.C. § 12188(A)(1) and 28 C.F.R. Subpart E.  Defendant further affirmatively alleges paragraph 7 contains legal conclusions and analysis to which no response is required.  Defendant denies paragraph 7 to the extent it includes factual allegations against Defendant.

9. Defendant denies the allegations in paragraph 8, including subparts (a) through (c).

10. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 9, and therefore denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 10, and therefore denies them.

12. In response to paragraph 11, Defendant admits it owns and operates the Days Inn Hotel located at 333 W. Juanita Avenue, Mesa, AZ 85210 (the "Hotel").  In further response to paragraph 11, Defendant affirmatively alleges such paragraph

contains legal conclusions and analysis to which no response is required. Defendant denies the remaining allegations in paragraph 11.

## JURISDICTION

13. In response to paragraph 12, Defendant admits that the Court has original jurisdiction over Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. (the "ADA") (Count One), and may exercise supplemental jurisdiction over Plaintiff's alleged claims for Negligence (Count Two), Negligent Misrepresentation (Count Three), Failure to Disclose (Court Four), or Common Law Fraud and Consumer Fraud (Count Five). Defendant affirmatively states that the Court may decline to exercise supplemental jurisdiction over Plaintiff's claims for Negligence (Count Two), Negligent Misrepresentation (Count Three), Failure to Disclose (Court Four), or Common Law Fraud and Consumer Fraud (Count Five), to the extent such claims raise a novel or complex issue of Arizona law, 28 U.S.C. § 1367(c)(1).

14. In response to paragraph 13, Defendant affirmatively alleges such paragraph contains legal conclusions and analysis to which no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 13, and therefore denies them.

15. In response to paragraph 14, Defendant admits that venue is proper in this Court.

## STANDING TO SUE JURISDICTION

16. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the first sentence of paragraph 15, and therefore denies them. In further response to paragraph 15, Defendant affirmatively alleges the second sentence of paragraph 15 contains legal conclusions and analysis to which no response is required. Defendant denies the remaining allegations in paragraph 15.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations paragraph 16, and therefore denies them. Defendant denies the remaining allegations in paragraph 16.

1    18.    Defendant denies the allegations in paragraph 17.

2    19.    Defendant denies the allegations in paragraph 18, including subparagraphs (a) through (b).

3    20.    Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations paragraph 19, and therefore denies them. Defendant denies the remaining allegations in paragraph 19.

## CONTINUING JURISDICTION

21.    The allegations in paragraph 20 contain Plaintiff's legal argument for the Court to exercise continuing jurisdiction after entry of judgment, and are therefore premature. Defendant affirmatively alleges paragraph 20 contains legal conclusions and analysis to which no response is required. Defendant denies any remaining allegations in paragraph 20.

22.    The allegations in paragraph 21 contain Plaintiff's legal argument for the Court to exercise continuing jurisdiction after entry of judgment, and are therefore premature. Defendant affirmatively alleges paragraph 21 contains legal conclusions and analysis to which no response is required. Defendant denies any remaining allegations in paragraph 21.

23.    The allegations in paragraph 22 contain Plaintiff's legal argument for the Court to exercise continuing jurisdiction after entry of judgment, and are therefore premature. Defendant affirmatively alleges paragraph 22 contains legal conclusions and analysis to which no response is required. Defendant denies any remaining allegations in paragraph 22.

24.    The allegations in paragraph 23 contain Plaintiff's legal argument for the Court to exercise continuing jurisdiction after entry of judgment, and are therefore premature. Defendant affirmatively alleges paragraph 23 contains legal conclusions and analysis to which no response is required. Defendant denies any remaining allegations in paragraph 23.

**COUNT ONE**
(Violation of Plaintiff's Civil Rights under the ADA)

25. Defendant incorporates its responses to paragraphs 1 through 23 of the Complaint. Defendant denies the remaining allegations in paragraph 24.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 25, and therefore denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 26, and therefore denies them.

28. In response to paragraph 27, Defendant affirmatively alleges it does not control the information that may or may not be disclosed on the third-party website "www.expedia.com" regarding the Hotel. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 27, and therefore denies them.

29. In response to paragraph 28, Defendant affirmatively alleges it does not control the information that may or may not be disclosed on the third-party website "www.expedia.com" regarding the Hotel. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 28, and therefore denies them.

30. In response to paragraph 29, Defendant affirmatively alleges it does not control the information that may or may not be disclosed on the third-party website "www.expedia.com" regarding the Hotel. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 29, and therefore denies them.

31. In response to paragraph 30, Defendant affirmatively alleges it does not control the information that may or may not be disclosed on the third-party website "www.expedia.com" regarding the Hotel. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 30, and therefore denies them. Defendant further affirmatively alleges paragraph 30 contains

1 legal conclusions and analysis to which no response is required.  Further answering 2 paragraph 30, Defendant denies the allegations in subparagraphs (a) through (gg), 3 including the inference that 28 C.F.R. § 36.302(e)(1)(ii) requires Defendant to ensure any 4 third-party website identify all accessible features in the Hotel and its guest rooms, 5 identify accessible features not offered through the Hotel's reservation system, or 6 describe the accessible features by reference to the 2010 ADA Standards for Accessible 7 Design.   Defendant denies any remaining allegations in paragraph 30.

8   32.   Defendant lacks knowledge or information sufficient to form a belief about 9 the truth or falsity of the allegations in paragraph 31, and therefore denies them.

10   33.   In response to paragraph 32, Defendant affirmatively alleges it does not 11 control the information that may or may not be disclosed on the third-party website 12 "www.wyndhamhotels.com" regarding the Hotel.  Defendant lacks knowledge or 13 information sufficient to form a belief about the truth or falsity of the allegations in 14 paragraph 32, and therefore denies them.

15   34.   In response to paragraph 33, Defendant affirmatively alleges it does not 16 control the information that may or may not be disclosed on the third-party website 17 "www.wyndhamhotels.com" regarding the Hotel.  Defendant lacks knowledge or 18 information sufficient to form a belief about the truth or falsity of the allegations in 19 paragraph 33, and therefore denies them.  Defendant further affirmatively alleges 20 paragraph 33 contains legal conclusions and analysis to which no response is required. 21 Further answering paragraph 33, Defendant denies the allegations in subparagraphs (a) 22 through (gg), including the inference that 28 C.F.R. § 36.302(e)(1)(ii) requires Defendant 23 to ensure any third-party website identify all accessible features in the Hotel and its guest 24 rooms, identify accessible features not offered through the Hotel's reservation system, or 25 describe the accessible features by reference to the 2010 ADA Standards for Accessible 26 Design. Defendant denies any remaining allegations in paragraph 33.

27   35.   Defendant lacks knowledge or information sufficient to form a belief about 28 the truth or falsity the allegations in paragraph 34, and therefore denies them.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 35, and therefore denies them. In further response to paragraph 35, Defendant affirmatively alleges it does not directly employ a hotel reservations clerk named "Gloria." Defendant denies the remaining allegations in paragraph 35.

37. Responding to paragraph 36, Defendant denies Plaintiff called the Hotel or that he spoke with a reservations clerk for the Hotel. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity the remaining allegations in paragraph 36, and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations in paragraph 37, and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 38, including Plaintiff's alleged findings as listed in subparagraphs (a) through (r), and therefore denies them. Defendant denies the Hotel is not in compliance with the Americans with Disabilities Act. Defendant denies any remaining allegations in paragraph 38.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 39, and therefore denies them.

41. Defendant denies the allegations in paragraph 40.

42. Defendant denies the allegations in paragraph 41.

43. Defendant affirmatively alleges Plaintiff has not stated a claim under Count One and is not entitled to the relief he seeks.

**COUNT TWO**
(Negligence)

44. Defendant incorporates its responses to paragraphs 1 through 41 of the Complaint. Defendant denies the remaining allegations in paragraph 42.

45. Defendant denies the allegations in paragraph 43.

1        46.    Defendant denies the allegations in paragraph 44.

2        47.    The allegations in paragraph 45 and the footnote thereto are not susceptible
3   to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis
4   under 42 U.S.C. § 12101(a)(2). Defendant denies the remaining allegations in paragraph
5   45.

6        48.    Defendant denies the allegations in paragraph 46.

7        49.    The allegations in paragraph 47 and the footnote thereto are not susceptible
8   to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis
9   under 42 U.S.C. § 12101(a)(3). Defendant denies the remaining allegations in paragraph
10  47.

11       50.    Defendant denies the allegations in paragraph 48.

12       51.    The allegations in paragraph 49 and the footnote thereto are not susceptible
13  to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis
14  under 42 U.S.C. § 12101(a)(5). Defendant denies the remaining allegations in paragraph
15  49.

16       52.    Defendant denies the allegations in paragraph 50.

17       53.    The allegations in paragraph 51 and the footnote thereto are not susceptible
18  to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis
19  under 42 U.S.C. § 12101(a)(6). Defendant denies the remaining allegations in paragraph
20  51.

21       54.    Defendant denies the allegations in paragraph 52.

22       55.    The allegations in paragraph 53 and the footnote thereto are not susceptible
23  to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis
24  under 42 U.S.C. § 12101(a)(7). Defendant denies the remaining allegations in paragraph
25  53.

26       56.    Defendant denies the allegations in paragraph 54.

27       57.    The allegations in paragraph 55 and the footnote thereto are not susceptible
28  to an admission or denial inasmuch as Plaintiff asserts legal conclusions and analysis

under 42 U.S.C. § 12101(a)(8).  Defendant denies the remaining allegations in paragraph 55.

58. Defendant denies the allegations in paragraph 56.

59. Defendant denies the allegations in paragraph 57.

60. Defendant denies the allegations in paragraph 58.

61. Defendant denies the allegations in paragraph 59.

62. Defendant denies the allegations in paragraph 60.

63. Defendant denies the allegations in paragraph 61.

64. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Two and is not entitled to the relief he seeks.

**COUNT THREE**
(Negligent Misrepresentation)

65. Defendant incorporates its responses to paragraphs 1 through 61 of the Complaint.  Defendant denies the remaining allegations in paragraph 62.

66. Defendant denies the allegations in paragraph 63.

67. Defendant denies the allegations in paragraph 64.

68. Defendant denies the allegations in paragraph 65.

69. Defendant denies the allegations in paragraph 66.

70. Defendant denies the allegations in paragraph 67.

71. Defendant denies the allegations in paragraph 68.

72. Defendant denies the allegations in paragraph 69.

73. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Three and is not entitled to the relief he seeks.

**COUNT FOUR**
(Failure to Disclose)

74. Defendant incorporates its responses to paragraphs 1 through 69 of the Complaint.  Defendant denies the remaining allegations in paragraph 70.

75. Defendant denies the allegations in paragraph 71.

1  76. Defendant denies the allegations in paragraph 72.
2  77. Defendant denies the allegations in paragraph 73.
3  78. Defendant denies the allegations in paragraph 74.
4  79. Defendant denies the allegations in paragraph 75.
5  80. Defendant denies the allegations in paragraph 76.
6  81. Defendant denies the allegations in paragraph 77.
7  82. Defendant denies the allegations in paragraph 78.
8  83. Defendant affirmatively alleged Plaintiff has not stated a claim under Count Four and is not entitled to the relief he seeks.

## COUNT FIVE
(Fraud – Common Law and Consumer)

84. Defendant incorporates its responses to paragraphs 1 through 78 of the Complaint. Defendant denies the remaining allegations in paragraph 79.

85. Defendant denies the allegations in paragraph 80.
86. Defendant denies the allegations in paragraph 81.
87. Defendant denies the allegations in paragraph 82.
88. Defendant denies the allegations in paragraph 83.
89. Defendant denies the allegations in paragraph 84.
90. Defendant denies the allegations in paragraph 85.
91. Defendant denies the allegations in paragraph 86.
92. Defendant denies the allegations in paragraph 87.
93. Defendant denies the allegations in paragraph 88.
94. Defendant affirmatively alleges paragraph 89 contains legal conclusions and analysis to which no response is required.  Defendant denies the remaining allegations in paragraph 89.
95. Defendant denies the allegations in paragraph 90.
96. Defendant denies the allegations in paragraph 91.
97. Defendant denies the allegations in paragraph 92.

98. Defendant denies the allegations in paragraph 93.

99. Defendant affirmatively alleges Plaintiff has not stated a claim under Count Five and is not entitled to the relief he seeks.

100. Defendant further denies Plaintiff is entitled to any of the relief he seeks.

101. To the extent not specifically admitted above, Defendant denies each and every allegation in the Complaint, including, without limitation, the allegations in the headings, subheadings, and "Prayer for Relief." Defendant expressly reserves the right to amend and/or supplement its Answer.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. The Complaint and/or each cause of action fail to state a claim upon which relief may be granted.

2. Plaintiff is not entitled to injunctive relief against Defendant because Defendant does not control the third-party websites "www.expedia.com" or "www.wyndhamhotels.com".

3. Plaintiff's claims may be barred for lack of standing because he did not and does not intend to stay at the Hotel.

4. Plaintiff's claims may be barred for mootness because an ADA accessible room can be reserved online.

5. Plaintiff's claims may be barred by the doctrines of waiver, estoppel, and/or unclean hands. Plaintiff has filed dozens of ADA lawsuits since July 29, 2017. Upon information and belief, these lawsuits are aimed at coercing a quick settlement. Upon information and belief, Plaintiff is attempting to transform the ADA into a money-making scheme, which is not a remedy Congress intended when it enacted the ADA and its regulations.

6. Plaintiff's claims for monetary relief and/or compensatory damages are barred because the Title III of the ADA does not provide for compensatory damages.

7. Plaintiff cannot state a claim for negligence, negligent misrepresentation, failure to disclosure, and/or fraud using the ADA as the relevant standard of care.

-11-

8. Attorneys' fees should not be awarded because Plaintiff did not provide Defendant with pre-suit notice.

9. Defendant is entitled to attorneys' fees as the prevailing party under the ADA.

10. The injuries allegedly sustained by Plaintiff, if any, were caused by the sole, concurring, and/or contributory negligence of Plaintiff.

11. Plaintiff assumed the risk of his alleged injuries, if any.

12. Defendant's alleged actions and/or omissions were not the proximate cause of Plaintiff's alleged injuries, and Plaintiff's alleged injuries, if any, were a result of superseding and/or intervening causes.

13. Defendant's alleged actions and/or omissions were not the proximate cause of Plaintiff's alleged injuries, and Plaintiff's alleged injuries, if any, were a result of prior and/or subsequent conditions or occurrences for which Defendant was not and is not responsible.

14. Plaintiff's claims are barred by the doctrines of accord and satisfaction, estoppel, release, and/or res judicata.

15. Defendant denies any and all allegations of negligence or other wrong doing as stated in the Complaint and demands strict proof of all allegations in that regard.

16. Plaintiff has failed to state a claim for fraud with the requisite specificity.

17. Plaintiff's state law claims do not arise under federal law, even though they are premised on alleged violations of the ADA, and they cannot form the basis for federal question jurisdiction.

18. The District Court may decline to exercise supplemental jurisdiction over Plaintiff's claims for Negligence (Count Two), Negligent Misrepresentation (Count Three), Failure to Disclose (Court Four), or Common Law Fraud and Consumer Fraud (Count Five), to the extent such claims raise a novel or complex issue of Arizona law. *See* 28 U.S.C. § 1367(c)(1).

19. To the extent Plaintiff has pled common law claims in an attempt to

1 circumvent his obligations under Arizona law, including A.R.S. § 41-1492 *et seq*. (the
2 "Arizona ADA"), such claims are barred by A.R.S. § 41-1492.07(2), which expressly
3 provides that the Arizona ADA does not apply to websites.

4 20. To the extent Plaintiff has pled common law claims in an attempt to
5 circumvent his obligations under Arizona law, including the Arizona ADA, such claims
6 are barred by A.R.S. § 41-1492.08(E) for Plaintiff's failure to provide written notice with
7 sufficient detail to allow Defendant to identify and cure any violation or comply with the
8 law. *See* A.R.S. § 41-1492.08(J) (defining "sufficient detail").

9 21. To the extent Plaintiff has pled common law claims in an attempt to
10 circumvent his obligations under Arizona law, including the Arizona ADA, Plaintiff's
11 claims are barred by A.R.S. § 41-1492.08(G) for Plaintiff's failure to file an affidavit,
12 under penalty of perjury, that Plaintiff has read the entire complaint, agrees with all of the
13 allegations and facts contained in the complaint, and unless authorized by statute or rule,
14 is not receiving and has not been promised anything of value in exchange for filing the
15 civil action.

16 22. Defendant asserts all other affirmative defenses, which may become
17 applicable after discovery and disclosure in this matter, including without limitation,
18 those set forth under FED. R. CIV. P. 8(c).

19 WHEREFORE, having fully answered Plaintiff's Complaint, Defendant
20 respectfully requests that the Court:

21 A. Dismiss Plaintiff's Complaint in its entirety with prejudice;

22 B. Deny each and every demand, claim and prayer for relief contained in the
23 Complaint;

24 C. Award Defendant its reasonable attorneys' fees and costs incurred in
25 connection with this matter; and

26 D. Award Defendant such other relief as the Court deems just and appropriate
27 under the circumstances.

28 / / /

DATED this 26th day of March, 2018.

GORDON REES SCULLY MANSUKHANI, LLP


/s/ Kami M. Hoskins
Kami M. Hoskins
*Attorneys for Defendant Mesa Hospitality, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of March, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Peter Strojnik, Esq.
STROJNIK P.C.
2375 East Camelback Road Suite 600
Phoenix, Arizona 85016
ADA@strojnik.corn
*Attorneys for Plaintiff*


/s/ Kimberley Davison